IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| TRISHANNA B., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.  ADC-22-858 |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| Defendant. | * | |
|   | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On April 8, 2022, Trishanna B. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision denying her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and a period of disability. ECF No. 1 at ¶ 2. Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 10, 16) on August 17, 2022 and December 15, 2022 respectively.[1] Plaintiff further responded in opposition to Defendant's motion on January 5, 2023. ECF No. 17. After considering the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 10) is GRANTED in part and DENIED in part. GRANTED as to remand and DENIED as to all other claims. Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED, and the SSA's decision is REMANDED for further analysis in accordance with this opinion.

## PROCEDURAL HISTORY

On August 18, 2017, Plaintiff filed an application for DIB and a period of disability beginning on February 12, 2011. ECF No. 9-3 at 16. Her claim was initially denied on November

---

[1] On April 22, 2022, all parties consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 6. On January 31, 2023, this case was assigned to Judge A. David Copperthite for all proceedings.

8, 2017. *Id.* Thereafter, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held via telephone on August 17, 2021. *Id.* On October 20, 2021, the ALJ rendered a decision finding that Plaintiff was not disabled under the Act. *Id.* at 33. Plaintiff subsequently requested review of the ALJ's decision, which the Appeals Council denied on March 29, 2022. *Id.* at 2. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. §§ 404.981, 416.1481; *Sims v. Apfel,* 530 U.S. 103, 106-07 (2000). On April 8, 2022, Plaintiff filed a Complaint in this Court seeking judicial review of the SSA's denial of her disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting

evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

To be eligible for DIB, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows a five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

3

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). A claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that

threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second step, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support the claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, she is not disabled. If the claimant cannot perform other work, she is disabled.

## THE ALJ'S DETERMINATION

The ALJ preliminarily found that Plaintiff met the insured status requirements of the Act from the alleged onset date of February 12, 2011 through June 30, 2013. ECF No. 9-3 at 18. The ALJ then performed the sequential evaluation and found at step one that Plaintiff did not engage in substantial gainful activity from February 12, 2011 through her date last insured. *Id.* At step two, the ALJ found that Plaintiff suffered from the severe impairments of cervical degenerative disc disease, bilateral shoulder disorder, and bilateral elbow disorder. *Id.* at 19-20. She also found that Plaintiff suffered from the following nonsevere physical and mental impairments: hemorrhoids, sinusitis, allergies, asthma, nasal disorder, dysmenorrhea, Bartholin cyst, hip disorder, breast disorders, anxiety disorder, depression, and post-traumatic stress disorder. *Id.* at 19-21. The ALJ further explained that Plaintiff alleged the nonmedically determinable impairments of lower back and leg pain. *Id.* at 22. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 23. The ALJ then determined that, through the last insured date, Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except that she was further limited to occasionally climbing ramps and stairs; never climbing ladders, ropes or scaffolds; occasionally balancing on uneven, narrow, or slippery surfaces; occasionally stooping, kneeling, crouching, and never crawling. She could have no exposure to hazards, such as unprotected heights or dangerous machinery. She could frequently handle, finger, and reach overhead bilaterally.

*Id.* at 24-25. At step four, the ALJ found that through the last day insured, Plaintiff was capable of performing past relevant work as a gambling dealer (light exertion level) and dental assistant (light

exertion level). *Id.* at 31. And, at step five, the ALJ concluded that Plaintiff "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," such as mail sorter (non-postal), sorter, and packer. *Id.* at 32. Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.*

## DISCUSSION

Plaintiff first argues that the ALJ erred by finding that her mental impairments were nonsevere. ECF No. 10-1 at 6-8. This argument implicates the "special technique" regulation that ALJs must follow when evaluating mental impairments. *See* 20 C.F.R. § 404.1520a. As explained below, the Court's review of the ALJ's decision reveals that the ALJ did not explain how she concluded that Plaintiff suffered from several medically determinable mental illnesses. Accordingly, the Court finds that the ALJ erred and that this error prevents meaningful judicial review.

"The special-technique regulation affects how an ALJ evaluates and documents [her] process at steps 1 through 4 if the claimant alleges a mental impairment." *Patterson v. Comm'r, Soc. Sec. Admin*, 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520a). The regulations "plain language describes what the SSA <u>must</u> do" and "specifically provides that the ALJ must document <u>all</u> of the special technique's steps." *Id.* (citations omitted). The first step of the special technique requires that the ALJ determine whether the claimant has any medically determinable mental impairments. 20 C.F.R. § 404.1520a(b). If any such impairment(s) exists, the ALJ "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [her] findings." *Patterson*, 846 F.3d at 659 (quoting 20 C.F.R. § 404.1520a(b)(1)). Second, the ALJ must rate the degree of a claimant's functional limitation in four areas: the ability to understand, interact with others, concentrate, and adapt. 20 C.F.R.

1520a(c)(3). These functional limitations are rated on the following five-point scale: None, mild, moderate, marked, and extreme. *Id.* at (c)(4). The ALJ is required to "include a specific finding as to the degree of limitation in each of the functional areas[.]" 20 C.F.R. § 404.1520a(e)(4). If the degree of limitation in these areas are "none" or "mild," the ALJ will "generally conclude that [the] impairment(s) is not severe[.]" *Id.* at (d)(1). Fourth, if the impairment is found to be "severe," the ALJ will consider whether the impairment "meets or is equivalent in severity to a listed mental disorder." *Id.* at § 404.1520a(d). If, however, the impairment(s) does not meet or equal a listing, the ALJ will assess the claimant's mental impairments when crafting the appropriate residual functional capacity. *Id.* at § 404.1520a(d)(3).

Here, the ALJ found at step two of the five-step sequential evaluation process that Plaintiff "has the medically determinable mental impairments of anxiety disorder, depression, and post-traumatic stress [PTSD] disorder." ECF No. 9-3 at 21. She did not, however, "specify the symptoms, signs, and laboratory findings that substantiate" her conclusions. 20 C.F.R. § 404.1520a(b)(1). Instead, the ALJ simply stated that Plaintiff suffers from the above-mentioned impairments and proceeded to rate Plaintiff in the four broad areas of mental functioning. Because the special-technique regulation requires that the ALJ "document <u>all</u> of the special technique's steps," the ALJ erred by stating in a conclusory fashion that Plaintiff suffered from these mental impairments. *Patterson*, 846 F.3d at 659 (citing 20 C.F.R. § 404.1520a(e)(4)).

Having concluded that the ALJ erred, the dispositive question becomes whether such error was harmless. Defendant argues that the ALJ's error is harmless because "the decision as a whole" reveals that the ALJ did articulate evidence to support her conclusion that Plaintiff suffers from mental impairments. ECF No. 16-1 at 7-8. It further asserts that this Court "will not be left to wonder how the ALJ reached [her] conclusion" as later portions of the ALJ's decision cite to

8

Plaintiff's testimony as well as Plaintiff's "psychological consultative examinations." *Id.* I disagree.

The United States Court of Appeals for the Fourth Circuit has explained that "failure to properly document application of the special technique will rarely, if ever, be harmless[.]" *Patterson*, 846 F.3d at 662. *See also Mascio v. Colvin*, 780 F.3d 632, 636-37 (4th Cir. 2015) (finding reversible error where ALJ failed to properly employ a similar special-technique regulation for assessing supplemental security income benefits claims). The Court reasoned that an incomplete "special technique" analysis "prevents, or at least substantially hinders, judicial review" because the findings derived from the "special technique" "implicate[] the validity of so many of the ALJ's conclusions." *Id.* And, such an error cannot, generally, be corrected absent remand as courts are not permitted to "fill in the blanks for the ALJ" and conduct all or some of the "special technique" steps in the first instance. *Id.*

Contrary to Defendant's assertion, here, there is no evidence in the ALJ's decision to support a finding that Plaintiff suffered from anxiety disorder, depression, and post-traumatic stress disorder. ECF Nos. 9-3 at 21-22; 16-1 at 7-8. In fact, the medical evidence cited by the ALJ suggests that Plaintiff does not suffer from any medically determinable mental impairments. For example, the ALJ cited to records indicating that: "claimant had no memory loss or confusion"; claimant "denied having psychiatric symptoms"; and claimant "had no anxiety, depression, or trouble sleeping, her mood was normal, her affect was appropriate, and that she was grossly oriented to person, place, and time." *Id.* at 21-22. In making her conclusory findings, the ALJ failed to build a logical bridge to her conclusion that Plaintiff suffered from these mental impairments. Because the Court cannot determine how the ALJ concluded that Plaintiff suffers from these mental impairments, the ALJ's decision is not supported by substantial evidence. This logical gap

also renders the rest of the ALJ's decision unreviewable as the "special technique" analysis underpins several significant conclusions that follow in the sequential analysis. As such, the Court finds that the ALJ's error is not harmless and that remand is necessary to clarify how the ALJ determined that Plaintiff suffered from these medically determinable mental impairments. *See also Shellitte Eve K. v. Comm'r, Soc. Sec. Admin*, No. ADC-20-0322, 2021 WL 978825, at \*4-5 (D.Md. March 16, 2021) (finding that remand was necessary when the ALJ "simply concluded that Plaintiff suffered from [mental] impairments and from there began the functional analysis"). In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Because I am remanding this case for the ALJ to clarify the "special technique" analysis, I decline to address Plaintiff's remaining arguments. *See James B. v. Kijakazi*, No. DLB-20-1243, 2021 WL 3912279, at \*4 (D.Md. Sept. 1, 2021) (declining to address subsequent arguments after finding that remand was warranted).

## CONCLUSION

In sum, the Court finds that the ALJ's application of the special-technique regulation was deficient and that this failure was not harmless. Accordingly, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 10) is GRANTED in part and DENIED in part. GRANTED as to remand and DENIED as to all other claims. Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. The decision of the SSA is REMANDED for further proceedings consistent with this Opinion. A separate order will follow.

Date: *15 February 2023*

A. David Copperthite
United States Magistrate Judge